In the MATTER OF DISCIPLINARY PROCEEDINGS AGAINST
Reed MARTIN, Attorney at Law:

OFFICE OF LAWYER REGULATION,
Complainant,

v.

Reed MARTIN,
Respondent.

Supreme Court

*No. 2011AP989–D.—Decided July 10, 2012.*

2012 WI 84

(Also reported in 815 N.W.2d 701.)

¶ 1. PER CURIAM. We review the report and recommendation of the referee, Attorney Hannah C. Dugan, that Attorney Reed Martin should be publicly reprimanded for his professional misconduct and that he should be required to pay the full costs of this proceeding, which were $2,617.78 as of April 13, 2012. Because no appeal has been filed in this matter, our review proceeds pursuant to SCR 22.17(2).[1] After reviewing the matter, we adopt the referee's findings of fact, conclusions of law, and recommended sanction.

---

[1] SCR 22.17(2) states:

> If no appeal is filed timely, the supreme court shall review the referee's report; adopt, reject or modify the referee's findings and conclusions or remand the matter to the referee for additional

¶ 2. The Office of Lawyer Regulation (OLR) filed its complaint and order to answer in this matter on May 2, 2011. On May 25, 2011, Attorney Martin filed a document entitled "Plea of No Contest," in which he stated that he was pleading no contest to the allegations in the OLR's complaint, but reserving his right to present evidence and make arguments regarding the proper level of discipline.

¶ 3. At a subsequent scheduling conference, Attorney Martin reiterated his no contest plea to the allegations against him, confirmed that he did not request a hearing on those allegations, and requested that he be allowed to be heard on the issue of discipline. The OLR then filed a motion formally requesting the referee to accept Attorney Martin's no contest plea and to find that the violations alleged in the OLR's complaint had occurred. There was no hearing on the issue of the appropriate level of discipline. The parties agreed to submit memoranda on that issue and to have the referee maké a sanction recommendation on the basis of those memoranda.

¶ 4. In the referee's report, she found that Attorney Martin's plea of no contest was voluntary, not the result of plea bargaining, and not the product of coercion or threat. The referee therefore accepted the plea and based her factual findings and legal conclusions on the allegations in the OLR's complaint, which are summarized below.

¶ 5. Attorney Martin was admitted to the practice of law in Wisconsin in 1995. He maintains a law practice in Wauwatosa.

findings; and determine and impose appropriate discipline. The court, on its own motion, may order the parties to file briefs in the matter.

¶ 6. Attorney Martin has been the subject of professional discipline on one other occasion. In 2003 he received a consensual private reprimand for having committed a criminal act that reflected adversely on his honesty, trustworthiness or fitness as a lawyer, in violation of SCR 20:8.4(b). Specifically, the basis for that private reprimand was Attorney Martin's conviction, based upon his guilty plea, of a class A misdemeanor involving the issuance of a worthless check in an amount less than $1,000, in violation of Wis. Stat. § 943.23(1).

¶ 7. The allegations of the current complaint stem from Attorney Martin's representation of J.C., a defendant in a juvenile delinquency action in the Milwaukee County circuit court. The Office of the State Public Defender (SPD) appointed Attorney Martin to represent J.C. in that proceeding. Circuit Court Judge Dennis Cimpl presided over a trial in the matter in August 2006 and found J.C. delinquent on two counts.

¶ 8. J.C., represented by an appellate attorney, filed a motion for post-disposition relief that was based, at least in part, on a claim of ineffective assistance of counsel by Attorney Martin. The motion was scheduled to be heard on January 7, 2008. Although Attorney Martin may not have been specifically notified by the court that the motion would be heard on that date, the court had previously scheduled a status conference for that same date to review J.C.'s probation, and Attorney Martin was still J.C.'s trial counsel of record. Attorney Martin did not appear for the January 7, 2008 hearing. Moreover, both J.C.'s appellate attorney and the prosecuting attorney informed the court that Attorney Martin had not been cooperating with them with respect to the January 7, 2008 hearing.

¶ 9. Due to Attorney Martin's absence and the need for his testimony to resolve J.C.'s ineffective assis-

tance of counsel claim, Judge Cimpl rescheduled the hearing on J.C.'s motion for February 21, 2008. On February 15, 2008, a subpoena was served on Attorney Martin requiring him to appear for the rescheduled hearing at 2:00 p.m. on February 21, 2008. The process server prepared a memorandum regarding service, which was subsequently filed with the circuit court. The process server reported that when she had handed the subpoena to Attorney Martin and had informed him that he was being served, Attorney Martin stated to her that he was refusing the subpoena and would not come to the hearing. He subsequently told the process server that he would not be at the hearing because he was going on vacation. He read the subpoena, but returned it to the process server.

¶ 10. Shortly after 8:00 p.m. on February 20, 2008, Attorney Martin faxed a letter to Judge Cimpl listing a lengthy set of dates on which he would be available to testify at a hearing in J.C.'s case. The letter did not mention the previously scheduled hearing for the next day or his purported refusal of service of the subpoena. It also gave no reason for refusing to appear on February 21, 2008.

¶ 11. Attorney Martin was seen at the Milwaukee County Courthouse on the morning of February 21, 2008. He did not appear at 2:00 p.m. in Judge Cimpl's courtroom, however, for the scheduled hearing.

¶ 12. Judge Cimpl again was forced to reschedule the hearing on J.C.'s post-disposition motion. He scheduled the hearing for March 24, 2008. A new trial attorney was appointed to represent J.C. Judge Cimpl informed the new trial attorney that he wanted Attorney Martin to be subpoenaed for the March 24 hearing both to answer for his previous failures to appear and to testify regarding J.C.'s motion.

435

¶ 13. The assistant district attorney was concerned by Attorney Martin's failure to appear and what he viewed as Attorney Martin's lack of candor. Because of the potential for a reversal of the finding of delinquency on the two counts against J.C. due in part to Attorney Martin's conduct, the assistant district attorney has indicated that he was forced to agree to reduce the two serious charges on which J.C. had already been found delinquent to a single, lesser charge.

¶ 14. On March 24, 2008, Attorney Martin did appear at the courthouse but did not enter Judge Cimpl's courtroom. When he learned that J.C.'s motion had been resolved by the court's approval of the agreement to reduce the charges against J.C., Attorney Martin left the courthouse without appearing before Judge Cimpl to explain his prior failures to appear. Attorney Martin asserted that he was not served with a subpoena for the March 24, 2008 hearing, but the successor trial counsel informed Judge Cimpl that Attorney Martin had refused to cooperate and had evaded service of a subpoena.

¶ 15. Judge Cimpl subsequently filed a written grievance with the OLR regarding Attorney Martin's conduct. When the OLR asked Attorney Martin to respond, he initially claimed that he had not appeared at the February 21, 2008 hearing even though subpoenaed because he had been on a family vacation that had been scheduled months earlier. When the OLR subsequently asked Attorney Martin for some information about his vacation travel, he responded in a letter dated March 24, 2009. In that letter Attorney Martin asserted that he and his family had left at 5:00 p.m. on February 20, 2008, and had driven to Holcombe, Wisconsin, arriving there about 10:00 p.m. In a subsequent letter, Attorney Martin twice more repeated that he had been

out of town on February 21, 2008, and that he had notified the court and the assistant district attorney of his unavailability on that date. He also alleged that whoever had claimed to have seen him in the Milwaukee County Courthouse on February 21, 2008, had been mistaken.

¶ 16.    When Attorney Martin failed to produce documentation to verify his travel as he had promised, the OLR formally requested the documentation. Attorney Martin responded by producing a redacted credit card statement. The statement did show a transaction in Holcombe on February 21, 2008, but the five preceding transactions had been redacted. After a further request from the OLR, Attorney Martin finally produced an unredacted copy of the credit card statement, which disclosed a gasoline purchase in Wauwatosa on February 21, 2008, indicating that Attorney Martin had indeed been in the Milwaukee area at least during the morning hours of that date. Although Attorney Martin produced an unredacted copy of the credit card statement, he did not provide the actual credit card receipts as requested by the OLR.

¶ 17.    Based on these factual findings, the referee concluded that Attorney Martin had engaged in two counts of professional misconduct. First, the referee concluded that Attorney Martin had violated SCR 20:3.4(c)[2] by failing to honor the lawfully served subpoena commanding his attendance at the February 21, 2008 hearing before Judge Cimpl. Second, the referee

---

[2] SCR 20:3.4(c) states a lawyer shall not "knowingly disobey an obligation under the rules of a tribunal, except for an open refusal based on an assertion that no valid obligation exists; . . . ."

determined that Attorney Martin had violated SCRs 22.03(6)[3] and 20:8.4(h)[4] by misrepresenting to the OLR that he had left with his family for a vacation on February 20, 2008, and was therefore out of town on February 21, 2008, by deliberately redacting relevant information on the original credit card statement provided to the OLR, and by deliberately failing to provide relevant documents to the OLR, all of which impeded the OLR's investigation.

¶ 18. Although he pled no contest to the allegations in the OLR's complaint, Attorney Martin requested the opportunity to present argument regarding the proper level of discipline to be imposed. The referee therefore invited the parties to file briefs on the subject.

¶ 19. The OLR requested the imposition of a public reprimand. It contended that a public reprimand was supported by a number of prior disciplinary matters, although it acknowledged that it could not find a previous case involving the exact same violations committed by Attorney Martin. *See, e.g., In re Disciplinary Proceedings Against Kohler,* 2009 WI 24, 316 Wis. 2d 17, 762 N.W.2d 377 (prosecuting attorney publicly reprimanded for failing to obey court orders to provide discovery and for falsely stating to the court that he had

---

[3] SCR 22.03(6) provides as follows: "In the course of the investigation, the respondent's wilful failure to provide relevant information, to answer questions fully, or to furnish documents and the respondent's misrepresentation in a disclosure are misconduct, regardless of the merits of the matters asserted in the grievance."

[4] SCR 20:8.4(h) states it is professional misconduct for a lawyer to "fail to cooperate in the investigation of a grievance filed with the office of lawyer regulation as required by SCR 21.15(4), SCR 22.001(9)(b), SCR 22.03(2), SCR 22.03(6), or SCR 22.04(1); . . . ."

provided the required discovery to opposing counsel); *In re Disciplinary Proceedings Against Miller,* 2005 WI 146, 286 Wis. 2d 79, 704 N.W.2d 912 (public reprimand imposed for failing to comply with court order to disburse funds in trust account to the opposing party in a divorce proceeding and instead disbursing the funds to himself and his client); Public Reprimand of Lori A. Schmitz, No. 2006–8 (consensual public reprimand imposed where attorney, among other things, refused to answer a question at a John Doe proceeding despite being ordered by the court to do so); Public Reprimand of James G. Moldenhauer, No. 2008–01 (consensual public reprimand imposed where attorney failed to act with diligence, failed to respond to client requests for information, and failed to appear at three hearings despite being ordered to do so by the court). The OLR further asserted that this court's general policy of progressive discipline called for a public reprimand in light of Attorney Martin's earlier private reprimand. Finally, the OLR noted that there were no mitigating factors and a number of aggravating factors, including multiple counts of misconduct, intentional noncompliance with the rules governing OLR investigations, and the submission of false or misleading evidence to the OLR.

¶ 20.   Attorney Martin argued in favor of a private reprimand. He acknowledged that he did not appear at the February 21, 2008 hearing, but asserted that he had a valid reason for not attending due to his previously scheduled family vacation. He contended that he was not being obstructive or recalcitrant because his fax to the court on February 20, 2008, offered a lengthy list of dates and times when he would be available to attend a hearing on J.C.'s motion. He also asserts that his concern for the judicial process of resolving J.C.'s case

was demonstrated by the fact that he showed up at the March 24, 2008 hearing without having been subpoenaed. With respect to the statements about having been out of town on February 21, 2008, that were made to the OLR, Attorney Martin claimed that he initially had simply been mistaken as to when he had left for his family vacation. He asserted that he was not intentionally attempting to mislead or deceive the OLR, that he ultimately provided the relevant documents to the OLR, and that he admitted his initial statements had been wrong. Attorney Martin attempted to distinguish a number of the public reprimand cases cited by the OLR, but he supported his argument for a private reprimand with just one consensual private reprimand order, which had also been cited by the OLR. *See* Private Reprimand No. 2002–17 (consensual private reprimand imposed on attorney representing a defendant in a civil action who failed to comply with a court order to provide discovery and failed to communicate his choice of mediator, thereby violating SCR 20:3.2 (requiring reasonable efforts to expedite litigation) and SCR 20:3.4(c) (forbidding attorneys from knowingly disobeying an obligation imposed under the rules or orders of a tribunal)).

¶ 21. The referee found Attorney Martin's sanction arguments to be unpersuasive. She stated that Attorney Martin had not provided any independent precedential support for his request for a private reprimand and that his analysis of the precedents cited by the OLR was sparse. She further commented that Attorney Martin's sanction memorandum had attempted to recharacterize the facts in the OLR's complaint to which he had already entered a no contest plea. She agreed that the cases cited in the OLR's sanction memoranda, the concept of progressive disci-

440

pline, and the presence of aggravating factors supported a public reprimand in this instance.

■■

¶ 22.  When reviewing a referee's report and recommendation in an attorney disciplinary proceeding, we affirm a referee's findings of fact unless they are found to be clearly erroneous, but we review the referee's conclusions of law on a de novo basis. *In re Disciplinary Proceedings Against Inglimo,* 2007 WI 126, ¶ 5, 305 Wis. 2d 71, 740 N.W.2d 125. We determine the appropriate level of discipline given the particular facts of each case, independent of the referee's recommendation, but benefiting from it. *In re Disciplinary Proceedings Against Widule,* 2003 WI 34, ¶ 44, 261 Wis. 2d 45, 660 N.W.2d 686.

¶ 23.  In light of Attorney Martin's no contest plea, we adopt the referee's findings of fact, which are based on the OLR's complaint. We also agree with the referee that those findings of fact support a legal conclusion that Attorney Martin committed both counts of professional misconduct alleged by the OLR.

■

¶ 24.  We now turn to the only real dispute in this proceeding, which is the proper level of discipline. We agree with the referee and the OLR that a public reprimand is appropriate in this case. Not only did Attorney Martin disobey the command of a lawful subpoena, he made false statements to the OLR and redacted relevant portions of the credit card statement that he later provided to the OLR in order to create the appearance that he was out of town during the entirety of February 21, 2008. There can be no other reason for redacting a gasoline purchase entry for that same date from the credit card statement, especially when Attorney Martin had already claimed to the OLR that anyone

441

who said he/she had seen Attorney Martin in the Milwaukee County Courthouse during the morning of February 21, 2008, must have been mistaken. The purchase of gasoline is not a confidential or embarrassing matter that would lead a person to redact the transaction information, unless the purchase entry shows that the person's prior statement was not accurate.

¶ 25. Imposing a public reprimand for Attorney Martin's misconduct is supported by this court's decision in *Kohler.* 316 Wis. 2d 17, ¶¶ 28, 40. While Attorney Martin made a misrepresentation to the OLR rather than a court, as Attorney Kohler did, both attorneys refused to comply with a lawful order of a court and made a misrepresentation. The differences between the two cases are not substantial enough to justify a different result.

■■
¶ 26. Finally, we turn to the issue of the costs of this proceeding. Our general policy is to impose the costs of a disciplinary proceeding against the respondent attorney whose misconduct necessitated the proceeding. We see no reason to deviate from that policy in this case. There is nothing on the face of the OLR's statement of costs that would suggest the requested costs are unreasonable. Moreover, Attorney Martin has not objected to the imposition of the requested costs. We therefore require Attorney Martin to pay the full costs of this proceeding.

¶ 27. IT IS ORDERED that Reed Martin is publicly reprimanded for his professional misconduct.

¶ 28. IT IS FURTHER ORDERED that within 60 days of the date of this order, Reed Martin shall pay to the Office of Lawyer Regulation the costs of this pro-

ceeding. If the costs are not paid within the time specified and Reed Martin has not entered into a payment plan approved by the Office of Lawyer Regulation, then the Office of Lawyer Regulation is authorized to move this court for a suspension of the license of Reed Martin to practice law in Wisconsin.

¶ 29.  SHIRLEY S. ABRAHAMSON, C.J. (*concurring in part, dissenting in part*). I concur with the majority's conclusion that Attorney Martin engaged in two counts of professional misconduct and its determination that Attorney Martin should be required to pay the full costs of this disciplinary proceeding. I dissent, however, from the majority's decision that a public reprimand is the appropriate level of discipline in this case. Given the serious nature of Attorney Martin's misconduct and the fact that he has previously received a consensual private reprimand, I would impose a more stringent sanction for his misconduct in this matter.